## CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. W. T. CARROLL.

### No. 2509. Decided April 11, 1917.

**1.—Carriers of Passengers—Undisclosed Rule—Ticket—Limited Train.**

A rule of a railway company that a ticket, sold according to its published tariff at a reduced rate, would not be honored on a certain limited train, could not be enforced against a passenger having no notice of such regulation from the face of the ticket or otherwise.  (P. 380.)

**2.—Same—Case Stated.**

An agent of several connecting lines of railway sold a passenger a through ticket over them, at a reduced rate authorized by them. It was a rule of one of these companies that such a ticket would not be honored on a certain limited train over its part of the line upon which its holder took passage; but this was not shown by the face of the ticket, or known either to the agent selling it or to the passenger, who, in purchasing, was informed to the contrary. Held that the company was liable for damages for causing the passenger to leave the train because the ticket was not good thereon.  (Pp. 378-380.)

**3.—Passenger—Ticket—Limited Train—Refusal to Transport—Charge.**

A woman holding a valid ticket, but one which under a rule of the railway, of which she had no notice, was not receivable on a limited train on which she took passage, was there first informed of such rule by the conductor, and told that she must leave the train at its next stop, which she did. This stop was beyond defendant's line, and on that of another connecting road in her route. Held that the wrong in requiring her to leave the train took place on defendant's line and at the hands of its agent while acting as conductor of its train. It was liable for the refusal to transport her on the ticket. An instruction relieving defendant from liability if it honored her ticket while upon its line was properly refused.  (P. 380.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Donley County.

The railway company obtained writ of error on the affirmance on appeal of a judgment recovered against it by Carroll.

*N. H. Lassiter, Robert Harrison,* and *Gustavus & Jackson,* for plaintiff in error.

*Odell & Ramsey* and *H. T. Cole,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was by T. W. Carroll against the Fort Worth & Denver City Railway Company and the Chicago, Rock Island & Gulf Railway Com-

pany for damages for the refusal of the conductor of the latter company to honor a ticket held by Carroll's wife as a passenger upon its train, and causing her, with three small children, to leave the train. The verdict was against the Rock Island & Gulf Company, an instructed verdict being returned for the Denver Company.

The ticket was purchased at Clarendon on the Denver Company line, where the plaintiff resided, for his wife's carriage from Clarendon to San Francisco, California, his purpose being that his wife and children should, at Dalhart, the connecting point of the Denver Company line and the Rock Island Gulf Company line, embark upon a through fast train operated by the latter company and other companies called the Rock Island Lines, known as the Golden State Limited. In selling the ticket the Denver Company acted for itself and as the agent of the Rock Island Gulf Company. The plaintiff made it known to the Denver Company's agent in purchasing the ticket that he wanted only a ticket which would be good for passage on the Golden State Limited train. He was assured by the agent that the ticket purchased was of that character. The agent sold the ticket as such a ticket, intending and expecting it to be honored for passage on the train referred to, and having no knowledge that the Rock Island Gulf Company would not so honor it. The ticket contained on its face nothing to the contrary. It was a first class round trip ticket, sold at a reduced rate, but according to a tariff to which the Rock Island Gulf Company was a party.

The conductor refused to recognize the ticket as good upon the Golden State Limited train, because of a rule of the Rock Island Gulf Company, or the Rock Island Lines, which declared a "special" or "special rate" ticket not to be good upon that train. The Denver Company had not been notified of this rule, however, and in selling the ticket had no knowledge that it would not be honored upon that train.

Mrs. Carroll, with her children, one an infant, boarded the Golden State Limited train at Dalhart in the night. The conductor of the Rock Island Gulf Company on inspecting her ticket told her that it was not good upon that train. According to Mrs. Carroll, he stated that she and her children would have to get off the train at Tucumcari, which was the next scheduled stop of the train. She further testified that she had ample funds with her; that she begged the conductor to let her stay on the train; and that she offered to pay him not only any required difference in money, but any amount of money, to be permitted to remain on the train, but he refused to accept it, saying the matter could not be adjusted in that way. The result was that at Tucumcari, at about daybreak, Mrs. Carroll, with her children, left the train.

The train was operated between Texhoma and Bravo, a distance of 92 miles, by the Rock Island Gulf Company. Leaving Bravo it was operated by another company of the Rock Island Lines,—The Chicago, Rock Island & El Paso. Dalhart, where Mrs. Carroll boarded the train, is between Texhoma and Bravo. Tucumcari, where Mrs. Carroll left

the train, was on the Chicago, Rock Island & El Paso line. The transaction between Mrs. Carroll and the conductor, in which, according to her testimony, he told her she must leave the train at Tucumcari, occurred, however, before the train reached Bravo, while, in other words, it was operated by the Rock Island Gulf Company. In what then occurred the conductor was acting for the Rock Island Gulf Company.

The conductor testified that he honored the ticket to Tucumcari. A special charge was requested by the Rock Island Gulf Company to the effect that it was not liable for the acts and conduct of the conductor except while upon its line, and if he honored the ticket while upon its line, a verdict for it should be returned. The writ of error was granted because of the refusal of the charge.

The case presents a clear contract on the part of the Rock Island Gulf Company through its delegated agent, the Denver Company, for the carriage of Mrs. Carroll under the ticket on the Golden State Limited train. Its undisclosed rule that a ticket of the kind sold was not good upon that train did not render the contract any the less binding upon it.

It is true Mrs. Carroll was not required to leave the train before it reached Tucumcari. She was permitted to ride that far under the ticket. But after she boarded the train there was no stop short of that place. It is evident that she left the train because of the conversation with the conductor. The conversation occurred while the conductor was acting for the Rock Island Gulf Company. It was responsible for his action at that time and its natural consequences. According to Mrs. Carroll, he then told her she must leave the train at Tucumcari. Under the conductor's own version of his statement, Mrs. Carroll had no alternative but to obtain at Tucumcari another ticket or else there leave the train. She was under no obligation to do either. Under the contract made in the purchase of the ticket she was entitled to passage on the train until she reached her destination. It was wrongful to require her to leave it at any intervening point, notwithstanding the ticket was honored to such point. It was the conductor's action as agent of the Rock Island Gulf Company that caused her to leave the train, and, in its effect, compelled her to leave it. It was not relieved by his recognizing her right to continue on the train until it reached Tucumcari. She could not well leave it while in motion, and this amounted only to letting her remain on it until it stopped. It was no answer to the conductor's action which in its consequence required her to leave it when it did stop. To hold otherwise is to ignore his wrong in requiring her to leave it at all. The special charge was properly refused.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*